IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J&J SPORTS PRODUCTIONS, INC. :
:
:
v.  : Civil Action No. DKC 15-1327
:
THREE BROTHERS OF HYATTSVILLE,
LLC :

**MEMORANDUM OPINION AND ORDER**

Presently pending and ready for resolution in this case involving alleged violations of the Federal Communications Act of 1934 is a motion to set aside the order of default, filed by Defendant Three Brothers of Hyattsville, LLC ("Defendant"). (ECF No. 11). The relevant issues have been briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion will be granted.

**I. Background**

Plaintiff J&J Sports Productions, Inc. ("Plaintiff") filed a proof of service indicating that Defendant was served on July 22, 2015. (ECF No. 6). Plaintiff subsequently filed a motion for clerk's entry of default due to Defendant's failure to file a timely answer. (ECF No. 8). Default for want of answer or other defense was entered October 23, 2015. (ECF No. 9).

On November 17, 2015, Defendant filed a motion to set aside the order of default (ECF No. 11), supplemented by a memorandum in support of the motion (ECF No. 12). Defendant asserts that its resident agent and managing member, Gerardo Labastida, did not

immediately receive a copy of the summons and complaint because he had not updated company records with the Maryland State Department of Assessments and Taxation.  (*Id.* at 1-2).  Having retained counsel, Defendant now intends to respond to and defend this lawsuit.  (*Id.* at 2).  Plaintiff filed a response in opposition arguing, *inter alia*, that Defendant has not satisfied the "good cause" standard.  (ECF No. 13).  Defendant did not file a reply.

**II. Analysis**

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, a court may "set aside an entry of default for good cause."  In deciding a motion to set aside entry of default judgment, a district court "should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006) (citations omitted).  The United States Court of Appeals for the Fourth Circuit has:

> repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits. *E.g., Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990) ("The law disfavors default judgments as a general matter."); *Consolidated Masonry & Fireproofing*[, *Inc. v. Wagman Constr. Corp*.], 383 F.2d [249, 251 (4th Cir. 1967)] ("Generally

2

> a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense."). This imperative arises in myriad procedural contexts, but its primacy is never doubted.

*Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (footnote omitted). Defendant's motion must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Id.* at 421 (citing *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)).

Here, all factors militate in favor of setting aside the entry of default, albeit some more forcefully than others. Plaintiff argues that Defendant fails to assert a meritorious defense, as Plaintiff's allegations largely go to damages rather than liability. (ECF No. 13, at 3-4). "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (citing *Central Operating Co. v. Utility Workers of America*, 491 F.2d 245, 252 n.8 (4th Cir. 1974). Defendant attaches an affidavit of Mr. Labastida in which he affirms that "[b]ecause the claim arises from an incident that occurred in the restaurant more than two years ago, it has been difficult to investigate the allegations and determine the accuracy of the claim." (ECF No. 12-1 ¶ 8). Defendant also contends that Plaintiff's complaint alleges

3

insufficient facts, and that "Defendant should be permitted to conduct discovery with regard to the factual basis of [] Plaintiff's claims as to liability under the statute and applicability of the proper measure of damages if liability is established." (ECF No. 12, at 3). In light of the liberal construction that is to be afforded the defaulting party in these circumstances, Defendant has made a sufficient showing of a meritorious defense.

In addition, Defendant's delay has been minimal, and "delay in and of itself does not constitute prejudice to the opposing party." *Colleton Preparatory*, 616 F.3d at 418 (citation omitted). Plaintiff also asserts that it will be prejudiced by Defendant's professed loss of access to records and former employees. (ECF No. 13, at 7 ("If there are no records to access, Plaintiff's efforts to perform discovery will likely be severely limited.")). There is no indication, however, that Defendant's delay created this issue; such prejudice presumably would have existed irrespective of whether Defendant answered in August rather than November. Defendant retained counsel and filed the pending motion less than one month after default was entered. Under these circumstances, Defendant acted with reasonable promptness once it received actual notice of the pendency of this action after entry of default. *See Wainwright's Vacations, LLC v. Pan Am.*, 130 F.Supp.2d 712, 718 (D.Md. 2001) (finding reasonably prompt a delay of just over one

4

month between entry of default and the defendant's motion). Accordingly, at this early stage of the litigation, there would be no significant prejudice to Plaintiff if the motion were granted.

Moreover, the parties agree that there is no history of dilatory action, and there is no showing that less drastic sanctions are unavailable. Defendant contends that retaining and paying counsel to file the pending motion is itself a sanction. (ECF No. 12, a 4). Hiring counsel would have been necessary under any circumstances, but the time spent on filing the motion is indeed an added expense. Plaintiff asks that it be awarded counsel fees as an alternative sanction. (ECF No. 13, at 8). At this juncture, however, the court declines to do so.

Ultimately, in light of the strong preference that defaults be avoided and that claims and defenses be resolved on their merits, the motion to set aside the order of default will be granted.

**III. Conclusion**

Based on the foregoing, it is this 24th day of December, 2015, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion to set aside the order of default filed by Defendant Three Brothers of Hyattsville, LLC (ECF No. 11), BE, and the same hereby IS, GRANTED;

2. The clerk's entry of default (ECF No. 9) BE, and the same hereby IS, SET ASIDE; and

3. The clerk will transmit copies of this order to counsel for the parties.

                                                          /s/
                                     DEBORAH K. CHASANOW
                                     United States District Judge