**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

| | |
|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,**   ) | |
|                                      ) | |
| **Plaintiff**   ) | |
|                 ) | |
| v.              ) | **Civil Action No. CBD-15-1327** |
|                 ) | |
| **THREE BROTHERS OF HYATTSVILLE,** ) | |
| **LLC,**        ) | |
|                 ) | |
| **Defendant.**  ) | |

## **MEMORANDUM OPINION**

Before the Court is Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion")(ECF 22). The Court has reviewed Plaintiff's Motion and the opposition and reply thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons set forth below, the Court DENIES Plaintiff's Motion.

### I. Factual Background

In its Complaint, Plaintiff contends that it purchased "exclusive nationwide television distribution rights to the *Floyd Mayweather, Jr. v. Robert Guerrero, WBC Welterweight Championship Fight Program* which telecast nationwide on Saturday, May 4, 2013" (the "Program"). Compl. ¶ 8. Plaintiff states that "with full knowledge that the Program was not to be intercepted, received and exhibited" unless authorized to do so, Defendant unlawfully obtained and published the Program in its restaurant for "commercial advantage or private financial gain." Compl. ¶ 11. In support thereof, Plaintiff attaches an affidavit from an investigator who "observed the unlawful exhibition" of the Program at Defendant's restaurant.

Compl. ¶ 12.  Accordingly, Plaintiff seeks damages, costs and attorney's fees under 47 U.S.C. 605, 47 U.S.C. 553, and a common law claim for conversion.  Compl. ¶¶ 17, 22 and 26.

**II.  Standard of Review**

Under the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute is deemed genuine only if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is deemed material only if it "might affect the outcome of the suit under the governing law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The Supreme Court has explained that the burden of proof lies with the movant to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A court reviewing a motion for summary judgment must view the evidence in the light most favorable to the party opposing the motion.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**III.  Analysis**

    **a.  Defendant cannot assert the affirmative defense of laches in its opposition.**

Defendant contends that the doctrine of laches may bar Plaintiff's claims.  Def.'s Opp'n 5.  Case law is clear that Defendant has a burden of establishing this affirmative defense.  "Since laches is an affirmative defense, the burden of proving laches is on the defendant."  Randall v. Mayor & City Council of Baltimore, 512 F. Supp. 150, 151 (D. Md. 1981) citing Giddens v. Isbrandtsen Co., 355 F.2d 125, 121 (4th Cir. 1966).

In order to establish a laches defense, Defendant must set forth a prima facie case demonstrating Plaintiff's lack of diligence and prejudice to Defendant in pursuing its claims. "In order to carry that burden Defendant must show lack of diligence by Plaintiff, and prejudice to Defendant resulting from that delay." Id. citing Costello v. United States, 365 U.S. 265, 282 (1961). In asserting that Plaintiff has not diligently pursued its claims, Defendant notes that Plaintiff "waited more than two years from the time the fight was shown before it brought suit" against Defendant. Def.'s Opp'n 5. The alleged wrongful conduct occurred on May 4, 2013, and Plaintiff did not file the Complaint until May 12, 2015.

Assuming arguendo, that the mere passage of two years in tantamount to unreasonable delay, Defendant must still offer evidence of prejudice incurred as a result. Said "prejudice" looks to the "inaccessibility of witnesses, the dimming of recollections and other disadvantages incident to the lapse of time." Giddens, at 127. Defendant's "proof of prejudice" comes by way of an affidavit that was filed in support of an earlier motion. Affidavit of Gerardo Labastida, ECF No. 12-1. In essence, Defendant claims that it has been difficult to investigate the allegations and determine the accuracy of the claims asserted by Plaintiff. Defendant contends that employees who would have been present no longer are employed and that others would not remember the relevant events. Despite these contentions, Defendant has made no suggestion that it is unable to locate these witnesses nor that they were exposed to relevant information that has since been forgotten. Not a single former employee has been identified by name, or provided a factually based supporting affidavit. Defendant is similarly not helped by the affiant's representation that he was not at the subject premises on the occasion in question. The affiant's absence is a factual event that could never have been helpful to the defense. Simply put, Defendant has not shown that the passage of time created prejudice. Defendant has not

established a laches defense.  Defendant has failed to show a lack of diligence causing prejudice on the part of Plaintiff.

The Court is also of the view that Defendant cannot assert this affirmative defense as a response to Plaintiff's Motion.  Defendant must do so independently and by way of its own motion.  Moreover, the statutory causes of action are not equitable in nature.  As such, the equitable defense of laches does not apply.  Lyons Partnership, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 797 (4th Cir. 2001).  Defendant's suggestion of a laches defense is entirely misplaced.

### b.  Defendant's use of the Maryland "door closing" statute is of no avail.

Like many other states, the Maryland legislature has passed a "door closing" statute prohibiting certain entities from filing suit in state courts in the absence of registering as a foreign corporation.  The statute states

> If a foreign corporation is doing or has done intrastate, interstate or foreign business in this state without complying with the requirements of Subtitle 2 of this Title, neither the corporation nor any person claiming under it may maintain a suit in any court of this State unless it shows to the satisfaction of the court … [two factors that must be satisfied].

Md. Code Ann., Corps. & Ass'ns § 7-301(LexisNexis 2014).  As the interpretation of this statute has been subjected to judicial review, the courts have looked to a number of distinct activities to conclude whether the actions of the foreign corporation are governed by this statute. In Premier, after considering factors such as the plaintiff's ownership of property, inventory, leasing or use of office space, warehouses, bank accounts, etc., the Court concluded that the plaintiff was not subject to the "door closing" statute.  Premier Indus.Corp. v. Nechamkin, 403 F. Supp 180, 182 (D. Md. 1975).  Similar results are found in other cases such as Yangming Marine Transp. Corp. v Revon Prod., USA, Inc., 536 A.2d 633 (Md. 1988), G.E.M. Inc. v. Plough Inc.,

228 Md. 484 (1962), and S.A.S. Personnel Consulting v. PAT-PAN Inc., 407 A.2d 1139 (Md. 1979). Despite the somewhat confusing language of the statute, Maryland case law has made clear that the statute is only applicable for foreign businesses that are doing intrastate business to such an extent that they should be registered. There is nothing about these decisions that suggests that Plaintiff is engaged in intrastate business in the present case.

Considering the factors in Premier, there is no evidence here regarding the location of Plaintiff's offices, bank accounts, the extent of advertising, telephone listings, frequency of communications, sales or the like. Equally true and contrary to Defendant's suggestion, there is no evidence of how much revenue Plaintiff has derived from the State of Maryland. At the end of the day, the record is silent regarding Plaintiff's business activities and does not address the issues raised in Plaintiff's Motion. The burden of proof is on the defense to show the applicability of the statute. Premier at 181. Defendant has offered no record evidence of Plaintiff conducting business in Maryland to the extent necessary to trigger the application of this statute.

As with the affirmative defense of laches set forth above, Defendant's attempted use of the Maryland "door closing" statute is an affirmative defense. It is inappropriate to allow the use of an affirmative defense to rebut Plaintiff's Motion. Such defenses should be asserted in Defendant's own motion for summary judgment. Unfortunately for Defendant, the time to do so has passed.

### c. Plaintiff has failed to provide record support for its Motion.

Plaintiff's Complaint is not a verified complaint. The Court cannot accept the statements set forth therein as if they had been offered under the penalties of perjury. Plaintiff contends in relevant parts: 1) that it is has "exclusive nationwide television distribution rights" to the

Program; and 2) that Defendant unlawfully intercepted and exhibited the telecast. There is no record evidence to support any of these claims. The factual support for Plaintiff's Motion rests entirely on the "affidavit" of Brian Stephens of Gateway Forensics, LLC. Defendant correctly takes issue with the supposed "affidavit."

In its essence, Mr. Stephen's affidavit merely states that "I, the undersigned, being duly sworn according to law," did witness the display of (the undercard of) the Program. Merely claiming to be "duly sworn" is not the equivalent of actually "being duly sworn according to law." An affidavit in support of a motion for summary judgment requires the administration of an oath. Federal Rule of Civil Procedure 56 sets forth the particulars needed for compliance. "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Statements that are not offered under oath are not admissible. Even when a party intends to offer testimony by way of a deposition, the rules require that the deponent be placed under oath and that said oath be administered by an authorized officer. See Fed. R. Civ. P. 28(a)(1) and 30(c)(1).

Plaintiff attempts to rely upon the notary seal that is affixed to this "affidavit." The use of the notary seal is limited to the notary's satisfaction that the person signing the document provided reliable evidence of identity. In fact, the only information provided under the penalty of perjury is the notary's certification that he or she received satisfactory evidence of Mr. Stephens' identity. Surprisingly, Plaintiff has made no effort to address this issue despite having the opportunity to do so in its reply briefing.

**IV.     Conclusion**

At the end of the day, Plaintiff has offered no record evidence in support of the crucial elements set forth in the causes of action. Accordingly, Plaintiff's Motion for Summary Judgment is DENIED.


September 8, 2016                                              /s/
                                                         Charles B. Day
                                                         United States Magistrate Judge