IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: CBD-15-1327 |
| | * | |
| | * | |
| THREE BROTHERS OF | * | |
| HYATTSVILLE, LLC, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | ***** | |

## MEMORANDUM OPINION

Before this Court is Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 43) (the "Motion"). Plaintiff J &J Sports Production, Inc. ("Plaintiff") filed a complaint against Defendant Three Brothers of Hyattsville ("Defendant"), alleging Defendant (1) violated 47 U.S.C. § 605[1]; (2) violated 47 U.S.C. § 553[2]; and (3) acted in ways amounting to tortuous conversion. ECF No. 1, p. 1-5. The Court has reviewed the Motion, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court **GRANTS in part and DENIES in part** the Motion.

I. **Factual Background**

Plaintiff owns certain nationwide television commercial distribution rights to the *Floyd Mayweather, Jr v. Robert Guerrero, WBC Welterweight Championship Fight Program*, telecast

---

[1] 47 U.S.C. § 605 – Unauthorized publication or use of communications.

[2] 47 U.S.C. § 553 – Unauthorized reception of cable service.

1

nationwide on Saturday, May 4, 2013 ("the Program"). *Id.* at 2-3. Plaintiff entered into various sublicensing agreements with commercial entities throughout North America, including restaurants, bars, hotels, etc., whereby these entities were granted the right to publicly show the Program to their patrons. *Id.* at 3. Plaintiff alleged that Defendant "did unlawfully publish, divulge and exhibit the Program" at its establishment without entering into such an agreement with Plaintiff. *Id.*

A bench trial was held on July 5, 2017, where the Court granted judgment in favor of Plaintiff as to Count I, awarding $6,600. ECF No. 41, 42. Plaintiff now seeks an award of attorney's fees and costs. ECF No. 43.

## II. Discussion

The Court granted judgment in favor of Plaintiff pursuant 47 U.S.C. § 605. Transcript of Record at 3:20-24.[3] Section 605(e)(3)(B)(iii) provides that the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."

### a. Plaintiff's Entitlement to Costs

The Court finds that the costs incurred are reasonable. Under Rule 54(d) of the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). It is established that the party that is "entitled to recover attorney's fees [is] also entitled to recover reasonable litigation-related expenses as part of their overall award." *Kabore v. Anchor Staffing, Inc.*, No. L-10-3204, 2012 WL 5077636, at *10 (D. Md. Oct. 17, 2012).

---

[3] The transcripts of the record referred to here were prepared for the purpose of this opinion only and are not the final certified version.

The actual amount sought, as outlined below, is $1,412.85, but Plaintiff requested only $1,372.00 in the Motion. ECF No. 43, p. 2. Plaintiff honors this miscalculation in its subsequent filings, claiming "Plaintiff will only be requesting $1,372.00, as this is the amount requested in its original Request for Costs." ECF No. 45-11, p. 2.

| Investigator fee | $600.00 |
| --- | --- |
| Complaint filing fee | $400.00 |
| Private Process Server Fee | $100.00 |
| Courier charges | $11.83 |
| Photocopies charges | $20.00 |
| Investigative expenses | $281.02 |
| TOTAL | $1,412.85[4] |

Defendant objects to the costs requested by Plaintiff, arguing that Plaintiff did not file its Bill of Costs in the format required by Local Rule 109.1. Defendant specifies that Plaintiff's filings are not in the requisite format for a Bill of Costs because the request was not "accompanied by a memorandum setting forth the grounds and authorities supporting the request" nor had the "vouchers or bills supporting the costs being requested . . . attached as exhibits." While Defendant accurately identifies this deficiency in Plaintiff's filing, Plaintiff remedied the matter in its "Memorandum in Support of Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion for Attorney's Fees and Costs" (ECF No. 45-1) by filing a supporting memorandum (ECF No. 45-11) and documentation supporting most of its costs (ECF No. 45-12). However, Plaintiff failed to provide a "voucher or bill" supporting the cost of the

---

[4] The $40.85 discrepancy in the total costs requested and the total costs incurred is due to Plaintiff's miscalculation in the Motion. Plaintiff acknowledges this error and as a result has chosen to honor the lower fee requested in the Motion.

courier charge for $11.83. Without this documentation, the Court will not award Plaintiff reimbursement for that cost, reducing Plaintiff's claim to $1,401.02. However, the lack of support for the courier charge is inconsequential because Plaintiff is requesting $40.85 less than it would otherwise be entitled to, encompassing in that amount the unsupported courier charge. The Court finds that as the prevailing party, Plaintiff is entitled to recover reasonable costs incurred for a total of $1,372.00.

### b. Plaintiff's Entitlement to Attorney's Fees

In calculating an award of attorney's fees, Courts begin with the lodestar calculation. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). The lodestar figure equals the number of reasonable hours expended by counsel multiplied by a reasonable hourly rate, which the Court determines by examining the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*See id*. at 243–44 (internal quotation marks omitted) (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978) (adopting the factors specified by *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974))). The Court also relies upon the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases (the "Guidelines"), which are located in Appendix B of the Local Rules of the U.S. District Court for the District of Maryland.

The party seeking fees, in this case Plaintiff, bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Plaintiff requests a total of $13,741.00 in attorney's fees: $5,460.00 for the services of Kind & Dashoff, LLC, ("Kind & Dashoff") and $8,281.00 for the services of the Law Offices of Thomas P. Riley, P.C. ("Riley, P.C.")  ECF No. 45-1, p. 5; ECF No. 45-5.  For the reasons discussed below, the Court (1) denies without prejudice the Motion as to attorney's fees for Kind & Dashoff, and (2) denies the Motion as to attorney's fees for Riley, P.C.

### i. Plaintiff did not provide adequate information for the Court to determine what fees Kind & Dashoff is entitled to.

The majority of the *Robinson v. Equifax Info. Serv.* factors are neutral or weigh in favor of Plaintiff.  However, Plaintiff fails to provide the documentation necessary for the Court to adequately examine the reasonableness of the fees requested for Kind & Dashoff.  In assessing the reasonableness of the requested attorney's fees, the Court relies on the Guidelines outlined in Appendix B of the Local Rules, which provide reasonable billing rates for attorneys admitted to the bar for a certain number of years.  For example, the Guidelines dictate that an attorney admitted to the bar for less than five years can bill in the range of $150-225, whereas an attorney admitted to the bar between five and eight years may bill between $165-300.  In order to appropriately abide by these Guidelines and make determinations of whether the requested attorney's fees are reasonable, the Court requires the moving party to submit adequate documentation, often in the form of detailed time records and affidavits stating the qualifications of the billing attorneys and paralegals.  Because these two documents are deficient, the Court must deny Plaintiff's request for attorney's fees from Kind & Dashoff.

Plaintiff has filed a "Statement of Attorney's Fees for Kind & Dashoff, LLC" ("the Statement") which details the time the firm spent on the matter. ECF No. 45-7. However, the Statement does not break down the time logs by individual timekeepers. *Id.* at 1. Instead, it merely states a "Rate" of $300 per hour without noting who that billing rate applies to. There are 18.2 hours of work reflected as work performed on the matter by Kind & Dashoff, LLC over the course of two years, but the Statement gives no indication as to who has entered that time. *Id.* at 6. Kind & Dashoff has four attorneys of record in the matter, yet the experience levels of each are not provided, nor are the levels of experience provided for the paralegals. The Court cannot award Plaintiff attorney's fees without making a determination as to the reasonableness of the fees requested, and the Court cannot make that determination without the appropriate documentation from Plaintiff. In order for Plaintiff to be awarded attorney's fees for the work done by Kind & Dashoff, it must resubmit the Statement with the addition of the appropriate timekeeper for each action taken as well as an affidavit detailing the hourly billing rates of each timekeeper.

### ii. Plaintiff is not entitled to attorney's fees for Thomas Riley.

Plaintiff claims it is entitled to an award of fees for work performed on this matter by Riley, P.C. Mr. Riley appeared at trial as a witness testifying on behalf of Plaintiff and introduced himself as "the authorized representative and attorney-in-fact for [Plaintiff]." Transcript of Record at 1:18-20. Defendant challenges the fees requested for Riley, P.C., arguing that Riley, P.C.'s legal services were not necessary for the prosecution of the action. ECF No. 44-1, p.5. Plaintiff, however, alleges that Riley, P.C. "acted as a California counsel for Plaintiff [while] Kind & Dashoff. . . acted to pursue this claim in Maryland," and that Plaintiff "relied on the services of both firms in prosecuting this case." ECF No. 45-1, p. 4. Specifically,

Plaintiff maintains that Riley, P.C. acted "as a resource [so that] Maryland counsel avoided the need to spend hours of research on various legal points, as [Riley, P.C.] was available to consult regarding these matters." *Id.* The Court rejects this reasoning.

Plaintiff is not entitled to attorney's fees for Riley, P.C.'s services. Mr. Riley was not entered as an attorney of record with the Court and thus he was not recognized by the Court as representing Plaintiff. Kind & Dashoff also served as sole counsel at trial, and introduced, and the Court accepted, Mr. Riley only as a witness. Any service as a resource Riley, P.C. may have provided to Kind & Dashoff was at Plaintiff's expense, as it appears to the Court that Mr. Riley is better identified as "house counsel" in the classic sense. There is no reason to believe that Mr. Riley regularly billed Plaintiff for the legal services associated with this claim or others.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the Motion. Plaintiff's counsel is awarded $1,372.00 in costs. Plaintiff has fourteen (14) days to submit an amended Statement of Attorney's Fees for Kind & Dashoff, LLC, with an accompanying affidavit, as detailed above.

September 8, 2017　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　　　　Charles B. Day
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

CBD/xl