IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: CBD-15-1327 |
| THREE BROTHERS OF HYATTSVILLE, LLC, | * | |
| Defendant. | * | |

*****

## MEMORANDUM OPINION

Before this Court is Plaintiff's Amended Affidavit re Order on Motion for Attorney Fees by J & J Sports Production, Inc. (ECF No. 48) (the "Affidavit"). Plaintiff J & J Sports Production, Inc. ("Plaintiff") filed a complaint against Defendant Three Brothers of Hyattsville, LLC ("Defendant"), alleging Defendant (1) violated 47 U.S.C. § 605[1]; (2) violated 47 U.S.C. § 553[2]; and (3) acted in ways amounting to tortious conversion. ECF No. 1, p. 1-5. The Court has reviewed the Affidavit, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court **GRANTS** Plaintiff's reasonable attorneys' fees as described below.

I.   **Factual Background**

The Court hereby adopts the factual and procedural background laid out in the Memorandum Opinion for this case dated August 8, 2017 (ECF No. 46). On August 8, 2017, the Court granted in part and denied in part Plaintiff's Motion for Attorneys' Fees and Costs,

---

[1] 47 U.S.C. § 605 – Unauthorized publication or use of communications.

[2] 47 U.S.C. § 553 – Unauthorized reception of cable service.

1

indicating that Plaintiff's Motion was deficient in providing sufficient evidence to support its request. *Id.* Richard M. Kind, counsel for Plaintiff, filed his Affidavit on September 12, 2017 and alleges that Defendant owes $4,440 in attorneys' fees. The Court previously ruled on court costs, therefore this opinion is limited to the issue of determining reasonable attorneys' fees.

**II.     Discussion**

Plaintiff requests a total of $4,440.00 in attorney's fees for the services of Kind & Dashoff, LLC, ("Kind & Dashoff").[3] The Court previously noted that the majority of the *Robinson* factors are neutral or weigh in favor of Plaintiff. ECF No. 47, p. 5 (citing to *Robinson v. Equifax Info. Serv., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009)). The Court further noted that while most of the factors supported a finding for Plaintiff, Plaintiff failed to provide the documentation necessary for the Court to adequately examine the reasonableness of the fees requested. *Id.* Plaintiff was permitted to "resubmit the Statement with the addition of the appropriate timekeeper for each action taken as well as an affidavit detailing the hourly billing rates of each timekeeper." ECF No. 47, p. 6. The Affidavit generally meets the Court's requirements.

The Affidavit states that Plaintiff's counsel spent 18.2 hours on this case, billing a total of $4,440 for services rendered. ECF No. 48-1, p. 4. Plaintiff's counsel further attests that three attorneys worked on this matter: Richard M. Kind, Amy L. Keller, and Ryan C. Kind. ECF No. 48, p. 1-2. The Affidavit also detailed the work experience and hourly billing rate for each of the above-named attorneys: Richard Kind with forty years experience and an hourly rate of $300.00 per hour; Amy Keller with nine years experience and an hourly rate of $300.00 per hour; and

---

[3] The Court hesitates to fully endorse Plaintiff's request due to the discrepancies between Plaintiff's Motion for Attorneys' Fees and Costs and the Affidavit. Plaintiff first asserts attorneys' fees to Kind & Dashoff in the amount of $5,460.00, and adjusted fees in the Affidavit for a total request of $4,440.00. However, the Court is persuaded by the Affidavit's detailed breakdown of actions with appropriate timekeepers for each.

Ryan Kind with 2.5 years experience and an hourly rate of $190.00 per hour.  *Id.*  The Court finds that the hourly rates provided for each of the attorneys is well within the recommended rates provided for in Appendix B of the U.S. District Court of Maryland Local Rules.[4]  Local Rules App. B, p. 127 (D. Md.) (July 1, 2016).

The Affidavit provides to some degree the task involved, the time spent on each task, by whom, and the hourly rate associated with that individual.  ECF No. 48-1.  While the Court finds many of the descriptions of activity lacking in detail, the total hours spent prosecuting this matter appears reasonable.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's attorneys' fees.  Plaintiff's counsel is awarded $4,400.00.


September 28, 2017                                             /s/
                                                           Charles B. Day
                                                           United States Magistrate Judge


CBD/gbc

---

[4] The Local Rules recommend an hourly rate between $150-225 for attorneys with less than five years experience.  Meanwhile, for attorneys with the experience of Richard Kind and Amy Keller, the Local Rules recommend hourly rates between $300-475 and $225-350, respectively.